UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ROBERT STRICKLAND,** | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:19-cv-00624-RNC |
| v. | : | |
| **LOWE'S HOME CENTERS, LLC,** | : | |
| Defendant. | : | May 17, 2019 |

**AMENDED COMPLAINT**

I. **PRELIMINARY STATEMENT**

1. Plaintiff Robert Strickland brings this case against his former employer, Lowe's Home Centers, LLC ("Lowe's") for unlawfully terminating Mr. Strickland because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, *et seq*. ("CFEPA").

2. Mr. Strickland demands a jury trial on all claims so triable.

II. **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the asserted claims occurred herein.

**III.     PARTIES**

5. The plaintiff, Robert Strickland, is an individual and a resident of West Haven, Connecticut.

6. The defendant, Lowe's Home Centers, LLC ("Lowe's"), is a limited liability company headquartered in the State of North Carolina. Lowe's is registered to do business in the State of Connecticut and, at all times relevant to this case, operated a store at 50 Boston Post Road, Orange, Connecticut 06477.

7. Lowe's employs at least 15 people and is an employer within the meaning of the Title VII and the CFEPA.

**IV.     EXHAUSTION OF REMEDIES AND REMOVAL**

8. On August 24, 2018, Mr. Strickland filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging race discrimination in violation of Title VII and CFEPA. The CHRO complaint was filed within 180 days of the date that Mr. Strickland received notice of his termination.

9. Mr. Strickland received a release of jurisdiction letter from the CHRO on March 8, 2019. Mr. Strickland filed his civil action in state Superior Court for the judicial district of Ansonia-Milford within 90 days of the release of jurisdiction.

10. On April 26, 2019, Lowe's removed the state action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1446.

**V.     FACTUAL ALLEGATIONS**

11. Robert Strickland was hired by Lowe's in April 1999 and worked there steadily for nearly twenty years until he was terminated on June 14, 2018.

12. Mr. Strickland is African-American.

13. Throughout most of Mr. Strickland's career at the Lowe's store in Orange, Connecticut, he was valued for his contributions and treated well, including receiving promotions to manager positions and favorable performance reviews.

14. On or about Summer 2017, a new Store Manager, Alicia Hagenow, was brought into the Orange Store.  After Ms. Hagenow arrived, Mr. Strickland continued working as hard and as efficiently as he always had at the Store.

15. Once Ms. Hagenow assumed the role of Store Manager in Orange, there began an obvious and disturbing pattern of terminating African-American managers and replacing them with White managers.

16. Moreover, since Hagenow became Store Manager African-American managers were judged by more demanding performance standards than the more lenient standards afforded to White managers.

17. Throughout the course of Mr. Strickland's employment, he had a consistent record of success, and his successful work habits did not change when Ms. Hagenow became Store Manager.  However, Ms. Hagenow stopped fairly evaluating his performance.

18. Mr. Strickland was unfairly criticized for issues that were clearly beyond his control.

19. He was criticized when the delivery area became temporarily untidy due to unplanned returns of stock and merchandise.  Yet, it was well-known that delivery returns and backlog problems in his department were caused by Lowe's delivery vendor, XPO.

20. It is also well-known that this vendor (XPO) created issues for Lowe's because it gave priority to deliveries for its better customer, Amazon.  To the extent XPO created issues for

the loading dock and store in Orange, it was obvious to all that Mr. Strickland did an excellent job of handling the issues created by XPO.

21. As another example, Mr. Strickland was also criticized for "lack of communication." This claim is undermined by the daily emails Mr. Strickland sent to his supervisors, Chris Morrow and Nick Fitzpatrick, and the everyday talks and meetings he held with them.

22. Mr. Strickland was criticized for spending too much time in the loading dock and then for spending not enough time in the loading dock.

23. He was criticized for spending too much time on the sales floor and then not enough time on the sales floor.

24. He was criticized when one of his workers was injured on a lift even though Mr. Strickland instructed the worker not to get on the lift.

25. In contrast, White managers reporting to Ms. Hagenow were held to different, more lenient standards. White managers were not criticized for the issues created by third-party vendors. Nor were they written up for performance issues beyond their control.

26. Other African American employees were similarly criticized and terminated while their White counterparts were held to more lenient standards and promoted.

27. For example, Sage Dowty was terminated for alleged attendance issues. Dave Moran (a White employee), on the other hand, was chronically absent and presented other performance issues, yet Ms. Hagenow promoted Mr. Moran from a sales position to a Service Manager position.

28. As another example, Christopher Morrow and Victor Montanez also had notably bad attendance issues, but they were not terminated. The departments managed by Mr.

Montanez (Outside Lawn & Garden) and Micah Cohen (Millwork) — neither of whom were African-American — were constantly plagued by uncleanliness and crowded with stock that needed to be organized and put away.

29. It was well-known that Mr. Strickland often utilized his Pack Out Team to assist these managers in organizing and cleaning their departments. Yet, these two, non-African American managers were not criticized in the same manner that Mr. Strickland was.

30. On multiple instances, Lowe's terminated African American managers and replaced them with White managers.

31. African-American Assistant Store Manager DaWayne Coleman was terminated during Summer 2017 and replaced by William Wilcox — a White employee.

32. In Spring 2018, African-American Service Manager Ms. Dowty was terminated and replaced by Angela Glowkowski — a White employee.

33. On June 14, 2018, Mr. Strickland became the most recent African-American manager to be terminated at the Orange store.

34. Mr. Strickland was replaced by a White employee (Jason Glick).

35. The justification for Mr. Strickland's termination — poor performance — was false.

VI.   **LEGAL CLAIMS**

**COUNT ONE:**
**RACE DISCRIMINATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46A-60, ET SEQ.**

36. Paragraphs 1-35 are hereby incorporated as if fully pleaded in this Count.

37. During Plaintiff's tenure with Lowe's, he was a dedicated, productive employee who was qualified for the position he held.

38. Notwithstanding his nearly twenty-year exemplary job performance, he was terminated from his position.

39. Plaintiff's race was a motivating factor in Lowe's decision to terminate his employment.

40. As a result of Lowe's discriminatory conduct, Plaintiff has suffered economic damages and emotional harm.

## COUNT TWO:
## RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
## 42 U.S.C. § 2000e-2(a)(1), ET SEQ.

41. Paragraphs 1-35 are hereby incorporated as if fully pleaded in this Count.

42. During Plaintiff's tenure with Lowe's he was a dedicated, productive employee who was qualified for the position he held.

43. Notwithstanding his nearly twenty-year exemplary job performance, he was terminated from his position.

44. Plaintiff's race was a motivating factor in Lowe's decision to terminate his employment.

45. As a result of Lowe's discriminatory conduct, Plaintiff has suffered economic damages and emotional harm.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully prays that this Court take jurisdiction over this case and grant judgment against the Defendant. Plaintiff prays that the following relief be awarded:

a. the economic losses, including lost benefits, that he has suffered as a result of Lowe's conduct;

b. damages for the emotional harm he has suffered;

c. punitive damages;

d. reasonable attorneys' fees and costs;

e. pre-judgment and post-judgment interest on his economic losses; and

f. such other equitable relief as the Court deems appropriate.

THE PLAINTIFF,

By: /s/ *Stephen J. Fitzgerald*
Stephen J. Fitzgerald (*ct22939*)
Elisabeth J. Lee (*ct30652*)
GARRISON, LEVIN-EPSTEIN,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
E-mail:  sfitzgerald@garrisonlaw.com
         elee@garrisonlaw.com

HIS ATTORNEYS

**CERTIFICATE OF SERVICE**

This is to certify that on this 17th day of May, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ *Stephen J. Fitzgerald*
Stephen J. Fitzgerald